UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:07-079-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS ROOKS, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 5, 2008, Thomas Rooks was sentenced to concurrent terms of imprisonment of 235 and 60 months, after pleading guilty to aiding and abetting armed bank robbery and conspiring to commit armed bank robbery.  [Record No. 66]  Based on a 1974 conviction for robbery in Ohio and a 1985 conviction for armed bank robbery in United States District Court, Rooks was sentenced as a career offender under the United States Sentencing Guidelines.  *See* U.S.S.G § 4B1.1.

The Court has received a letter from Rooks, which the Court construes as a motion, in which Rooks requests relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Beckles v. United States*, No. 15-8544, or any authority holding that his predicate convictions no longer qualify as violent felonies under the United States Sentencing Guidelines.  Because Rooks would not be entitled to relief under any of these authorities, the Court will deny his motion.

In 2015, the United States Supreme Court determined that the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague.  *Johnson v. United States*, 133 S. Ct. 2551 (2015).  As a result, some defendants who were classified as armed career criminals

-1-

under the Act's residual clause were eligible for resentencing.  In *Beckles*, the Supreme Court is expected to decide whether the holding of *Johnson* applies to the similarly-worded residual clause of the United States Sentencing Guidelines career criminal provision.  *See* U.S.S.G. § 4B1.1.  The Sentencing Guidelines career offender provision contains a "use of force" clause and the residual clause.  *See* § 4B1.1.  Crimes that fall within the use of force clause are not affected by the holding in *Johnson.  United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015).

In 1974, the Ohio robbery statute provided that "[n]o person, in attempting or committing a theft offense . . . or in fleeing immediately after such attempt or offense, shall use or threaten the immediate use of force against another."  Ohio Rev. Code § 2911.02(A) (effective Jan. 1, 1974).  Rooks' robbery conviction qualifies as a violent felony based on "use of force," rather than the residual clause of § 4B1.1.  *See United States v. Ginter*, No. 5: 13-CR-151-DCR, 2016 WL 347663, at *6 (Jan. 28, 2016).  *See also United States v. Mansur*, 375 F. App'x 458, 464 (6th Cir. 2010).  Further, the Sixth Circuit has concluded that armed bank robbery categorically is accomplished through the use of force.  *United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016).

*Mathis*, 136 S. Ct. 2243, does not affect Rooks' classification as a career offender under the Sentencing Guidelines.  First, *Mathis* involved the Armed Career Offender Act, 18 U.S.C. § 924(e) rather than the Sentencing Guidelines.  More importantly, *Mathis* involves predicate offenses that are enumerated violent felonies under the ACCA, including burglary, arson, and extortion.  § 924(e)(2)(B)(ii).  While Rooks was previously convicted of burglary, that conviction was not used as a basis for his career offender enhancement under the Sentencing

-3-

Guidelines.  Rather, the career offender designation was based on his previous convictions for robbery and armed bank robbery, which are violent felonies under U.S.S.G. § 4B1.2(a)(1).

Finally, the defendant requests the appointment of counsel.  The appointment of counsel during post-conviction proceedings is not required.  Further, in this case, it is not warranted.  *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).  The issues presented are straightforward and can be resolved by the Court on the record.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The defendant's request for the appointment of counsel is **DENIED.**

2.      The defendant's construed motion for relief under *Mathis* and *Beckles*, is **DENIED.**

This 20th day of October, 2016.

Signed By:

*Danny C. Reeves*  DCR

United States District Judge