UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:07-079-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS ROOKS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Thomas Rooks pleaded guilty to aiding and abetting armed bank robbery and conspiring to commit bank robbery. He was sentenced to concurrent terms of 235 and 60 months' imprisonment on November 6, 2008. [Record No. 66] Rooks has now filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(B). He argues that his underlying health conditions place him at an increased risk of contracting COVID-19 at his facility of confinement. However, he has neither exhausted administrative remedies nor cited extraordinary and compelling circumstances warranting relief; therefore, the motion will be denied.

I.

Title 18 section 3582(c)(1)(A) provides:

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements are found in Section 1B1.13 of the United States Sentencing Guidelines, which define "extraordinary and compelling reasons" as follows:

(A)   Medical Condition of the Defendant—
   (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii)   The defendant is—
      (I)   suffering from a serious physical or medical condition,
      (II)   suffering from a serious functional or cognitive impairment, or
      (III)   experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
   (B)   Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
   (C)   Family Circumstances –
      (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
      (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
   (D)   Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

## II.

Rooks has not identified any circumstances that would render him eligible for compassionate release. While he has submitted some documentation indicating that he suffers from high cholesterol and hypertension, there is nothing to indicate that these conditions are not managed with medication. [Record No. 74-3, pp. 1, 3] And while Rooks has been diagnosed with coronary atherosclerosis, the record indicates that this condition has been managed with medication and placement of a stent. *Id.* Rooks also has been diagnosed with hepatitis C, but the records provided indicate that this problem was resolved and a viral load was not detected as of March 2018. *Id.* at p. 4. Rooks also has been classified as pre-diabetic and has received medical counseling regarding dietary and lifestyle changes. *Id.* at pp. 5, 14.

On May 5, 2020, Rooks presented to Health Services complaining of bilateral ankle pain which had been present intermittently for the previous six months. *Id.* at p. 10. Kenneth Gomez, M.D., noted that Rooks complained of tenderness, but had full range of motion and normal bony landmarks. Dr. Gomez prescribed ibuprofen and ordered an x-ray of both ankles. Rooks returned to Health Services on June 25, 2020, complaining of foot pain. *Id.* at p. 7. Again, Rooks complained of tenderness, but Nurse Practitioner Stephanie Sumner did not observe any swelling, inflammation, or erythema. She noted that he had good range of motion and believed that he "may have [had] plantar fasciitis." Sumner ordered laboratory tests and x-rays and instructed Rooks to apply warm moist heat, perform stretching exercises, and take over-the-counter medication for pain, as needed. *Id.* at p. 8.

Based on the evidence tendered, Rooks has not established that his conditions constitute a terminal illness or a serious medical or physical condition that substantially limits his ability to provide self-care. First, he has not tendered any documentation suggesting that his medical

conditions are not well-controlled by medication.  And notwithstanding general information obtained from internet resources, Rooks has not provided any information from his medical providers indicating that he is at an increased risk for COVID-19 and its effects.  *See United States v. Cundiff*, No. 5: 15-106-DCR, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020) (citing United *States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission")).

Further, the United States Court of Appeals for the Sixth Circuit has determined that, before filing a compassionate release motion, a prisoner must exhaust his administrative remedies with the prison or wait 30 days after his first request to the prison.  *United States v. Alam*, 960 F.3d 830, 835 (6th Cir. 2020); *United States v. Desjardins-Racine*, 817 F. App'x 219 (6th Cir. Aug. 18, 2020) (Mem.).  Rook concedes that he has not exhausted administrative remedies because "it is extremely hard to get anything done in regard[] to necessary paperwork . . . ."  [Record No. 74, p. 1]  He further asserts he "simply can't get the forms."  *Id.* at p. 2.  However, Rooks has not explained what efforts he undertook to obtain the necessary forms or otherwise pursue administrative relief.  Accordingly, his compassionate release claim could be denied on that basis alone, in addition to being denied on the merits.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 74] is **DENIED**.

- 5 -

Dated: September 10, 2020.

                                                   Danny C. Reeves, Chief Judge
                                                   United States District Court
                                                   Eastern District of Kentucky